UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA PAYLAN a/k/a
CHRISTINA GRUDZINSKI,

    Appellant,

vs.    Case No. 8:09-cv-905-T-27

REGENTS OF THE UNIVERSITY
OF CALIFORNIA,

    Appellee.
_____/

## ORDER

Appellant's initial brief was due in August, 2009.[1] Just before the initial brief was due, Appellant's attorneys filed an amended motion to withdraw, proffering that Appellant had not fulfilled her fee obligations (Dkt. 13, ¶ 4). In the motion, counsel requested a 60 day extension of time to file the initial brief. (*Id.*, ¶ 7). The amended motion to withdraw was granted on August 18, 2009 and a status conference was scheduled for September 1, 2009 (Dkt. 18). The order provided that a "revised briefing schedule would be set at the status conference." *Id.*

Representing herself *pro se*, Appellant moved to continue the status conference (Dkt. 17). The request was granted and the status conference was rescheduled for September 9, 2009 (Dkt. 18). During the status conference, Appellant appeared *pro se* and requested an additional 90 days to file her initial brief. The request was denied and Appellant was directed to file her initial brief within 60 days, or by November 11, 2009, whether Appellant retained substitute counsel or not (Dkt. 20).

---

[1] Appellant's prior counsel professed some confusion as to when the initial brief was due and requested a 60 day extension after Appellant obtained new counsel (Dkt. 10). In counsel's second amended motion to withdraw, counsel proffered that the initial brief was due August 21, 2009 (Dkt. 12, p. 3, ¶ 6).

Just six days before Appellant's initial brief was due, counsel appeared (Dkt. 21). Counsel immediately sought a 90 day extension of time to file the initial brief, to which Appellee understandably objected (Dkts. 21, 22). Notwithstanding, Appellant was granted an additional 60 days from the date of the order to file the initial brief, or until January 8, 2010 (Dkt. 24). The endorsed order expressly provided that no further extensions would be granted, absent extenuating circumstances. *Id.*

Notwithstanding, on the day Appellant's initial brief was due, Appellant sought yet another extension, requesting a due date of February 8, 2010 (Dkt. 25). The request was granted to the extent that Appellant's initial brief was due on January 19, 2010. Appellant was again admonished that no further extensions would be granted and that failure to comply with the order "shall result in this appeal being dismissed without further notice for failure to prosecute" (Dkt. 26). Incredibly, Appellant sought reconsideration, which was denied (Dkts. 27, 28).

Appellant requested and received four extensions of time to file her initial brief, three of which were substantial. After Appellant's motion for reconsideration was denied by endorsed order, Appellant finally filed her initial brief. However, the brief lacked citations to the record in numerous instances, all of which were material record references. Accordingly, Appellant's brief was stricken for failure to comply with Fed. R. Bankr. P. 8010. (Dkt. 30). Appellant was directed to file an amended brief with complete record citations by no later than 5:00 p.m. on January 22, 2010. (Dkt. 30). The order stated, "**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THIS APPEAL BEING DISMISSED WITHOUT FURTHER NOTICE. NO EXTENSIONS WILL BE GRANTED.**" Appellant failed to file an amended brief as ordered. Nor has Appellant offered any explanation for the material omissions in the initial brief.

Appellant has engaged in a clear pattern of conduct which has resulted in unwarranted delay in the resolution of this appeal. The culpability is not counsel's alone. Appellant herself contributed to or caused at least part of the delay by failing to enter an appearance through counsel until just days before her brief was due on November 11, 2009. Notwithstanding, Appellant was granted yet another extension to enable her new counsel to prepare and file the initial brief. Appellant's failure to comply with orders and the rules applicable to this appeal exceeds mere negligence. Appellant has been warned that her appeal would be dismissed for failure to comply with the deadlines set forth in the Court's orders. In this respect, the less severe sanction of striking Appellant's brief and permitting yet another extension of time to file a complete brief has been imposed. The Court is left with either considering an incomplete brief without appropriate record citations or granting yet another substantial extension of time which it has previously denied, neither of which is a viable or reasonable alternative, considering the record. Appellee's concerns about the delay attendant to Appellant's conduct and Appellee's prejudice in prosecuting and collecting on its judgment is another consideration.

The Court has inherent authority to dismiss an action *sua sponte* to enforce its orders and ensure prompt disposition of lawsuits. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629-32, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962); *Eades v. Alabama Dept. of Human Res.*, 298 F. App'x 862, 863-65 (11th Cir. 2008). "[T]ime is of the essence in bankruptcy proceedings" and therefore "[b]ankruptcy appeals have frequently been dismissed for the appellant's failure to comply with the duty of diligent prosecution." *See In re Braniff Airways, Inc.*, 774 F.2d 1303, 1304-05 (5th Cir. 1985) (quotation omitted). Lesser sanctions have been unsuccessful and will no longer suffice. Due to Appellant's clear pattern of dilatory conduct and failure to comply with the orders and applicable

3

rules, dismissal is warranted. *Jones v. Graham*, 709 F.2d 1457, 1462-63 (11th Cir. 1983).

Accordingly, it is **ORDERED** that

(1) This appeal is **DISMISSED** for lack of prosecution.

(2) The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in chambers this 25th day of January, 2010.

                                              JAMES D. WHITTEMORE
                                              United States District Judge

Copies to: Counsel of Record